UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :
In re:                                                  :
                                                        :    Chapter 11
COUDERT BROTHERS LLP,                                   :
                                                        :    Case No. 06-12226 (RDD)
              Debtor.                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :
DEVELOPMENT SPECIALISTS, INC.,                          :    Adv. Pro. No. 08-1502 (RDD)
in its capacity as Plan Administrator for               :
Coudert Brothers LLP,                                   :
                                                        :
              Plaintiff,                                :
                                                        :
v.                                                      :
                                                        :
WILLIAM A. SULLIVAN,                                    :
                                                        :
              Defendant.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE:**

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Bankruptcy Court of the Southern District of New York hereby files these proposed findings of fact and conclusions of law for review by the District Court of the Southern District of New York pursuant to 28 U.S.C. § 157(c)(1), Federal Rule of Bankruptcy Procedure 9033, and Local Bankruptcy Rule 9033-1, for entry of a final order confirming an arbitration award pursuant to 9 U.S.C. § 9.

SGR/14060370.1

## PROPOSED FINDINGS OF FACT

**I.     Parties**

Plaintiff Development Specialists, Inc., in its capacity as Plan Administrator of Coudert Brothers, LLP (the "Plan Administrator"), has moved this Court to confirm an arbitration award pursuant to 9 U.S.C. § 9 in the above-captioned adversary proceeding.

Coudert Brothers, LLP ("Coudert" or the "Debtor") was an international law firm headquartered in New York which was organized as a New York limited liability partnership as of October 1, 2001. Defendant William A. Sullivan ("Sullivan") was a partner of the Debtor (McCarthy Dec. ¶2).

The Debtor dissolved on August 16, 2005 (the "Dissolution Date"). On August 23, 2005, the Executive Board of Coudert established a Special Situation Committee ("SSC") to oversee the wind down and dissolution of the Debtor (*Id.* ¶¶ 2, 5).

On September 22, 2006 (the "Petition Date"), the Debtor filed in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (Case No. 06-12226, "Bankruptcy Case"). By Order dated August 27, 2008 (Bankruptcy Case, Doc. No. 878), this Court confirmed the First Amended Plan of Liquidation of Coudert Brothers LLP dated May 9, 2008 (as modified) (the "Plan," Bankruptcy Case, Doc. No. 894) (McCarthy Dec. ¶4).

On May 30, 2008, the SSC provided all partners of the Debtor, including Sullivan, with a memorandum (the "May 30, 2008 Memorandum") setting forth detailed calculations of the amount of money the Debtor asserted was owed by that partner (*Id.* ¶5; Ex. A).

Pursuant to Section 5.2 of the Plan, on the Effective Date, the Plan Administrator became the exclusive representative of the estate under Section 1123(b)(3)(B) of the Bankruptcy Code and was authorized to "assert, prosecute, pursue . . . all Claims, Causes of Action and actions to

2

collect the Receivables, including against Non-Participating Partners . . . and assert and enforce all legal and equitable remedies and defenses belonging to the Debtor or its Estate . . . ." (Bankruptcy Case, Doc. No. 693).

Pursuant to Article 7 of the Plan, a former partner of the Debtor could participate in the Plan by executing a Participating Settlement Agreement with the Plan Administrator and fulfilling all of his/her obligations to the Debtor in connection with the Participating Settlement Agreement, thereby settling all of that partner's asserted obligations owed by him/her as set forth in the May 30, 2008 Memorandum (McCarthy Dec. ¶5).

Under Section 1.65 of the Plan, a "Participating Partner" was defined as "a Partner who executes a Participating Settlement Agreement with the Plan Administrator and fulfills all obligations to the Estate in connection with such Participating Settlement Agreement." Under Section 1.63 of the Plan, a "Non-Participating Partner" was defined as "any Partner other than a Participating Partner." (*Id.* ¶¶6-7).

Sullivan was a partner of the Debtor and is a Non-Participating Partner as defined in the Plan (*Id.* ¶8).

## II.   Background and Procedural History

Within two weeks after the Effective Date of the Plan, the Plan Administrator commenced adversary proceedings against various Non-Participating Partners, including Sullivan. The adversary complaint against Sullivan sought breach of contract damages for over-distribution, the Examiner's point value adjustment, taxes, and loans/advances totaling $63,755.20. The adversary complaint also sought to recover as alleged fraudulent transfers all payments to or on behalf of Sullivan from the date the Debtor became insolvent, which the Court-Appointed Examiner determined to be May 18, 2005. The fraudulent transfers alleged

3

with respect to Sullivan totaled $11,544.91. Sullivan did not respond, and ignored this Court's process (*Id.* ¶¶9-13).

The amended and restated Partnership Agreement dated as of December 30, 2004 (the "December 2004 Partnership Agreement") was the last one to which Sullivan was a party (*Id.* ¶14; Ex. B). The December 2004 Partnership Agreement contained an arbitration clause:

> **Arbitration:** Any dispute or controversy arising under or in connection with this Agreement among the parties subject hereto shall be determined by arbitration pursuant to the rules of the American Arbitration Association.
>
> **Site:** The arbitration shall be held in the City of New York.

On June 17, 2013, the Plan Administrator moved in the Bankruptcy Court to compel arbitration of the contract related claims in several adversary proceedings where the partner defendants were domiciled in foreign countries, including this adversary proceeding. By Order dated July 19, 2013, this Court granted the Plan Administrator's First Motion to Compel Arbitration Against Foreign Defendants (Bankruptcy Case, Doc. No. 1529), ordering that the contract related claims shall be arbitrated pursuant to the applicable arbitration provision in the Debtor's Partnership Agreement, and further ordering that, upon the parties' consent, the fraudulent transfer claims shall be arbitrated[1] (*Id.* ¶¶15-16).

### III. The Arbitration

On or about September 6, 2013, the Plan Administrator commenced an arbitration against ten foreign partners (the "Respondents"), entitled *DSI v. Bailleux, et al.*, Case No. 50-194-T-00850-13, before the International Centre for Dispute Resolution of the American Arbitration Association (the "ICDR Arbitration"), including Sullivan (*Id.* ¶18).

---

[1] As fraudulent transfer claims are exempt from pre-petition arbitration clauses, the Plan Administrator had requested that this Court grant leave to arbitrate those claims only if the partner defendant consented to arbitrate such claims. Sullivan did not participate in the arbitration proceedings and therefore did not consent.

On February 14, 2014, Barbara A. Mentz, Esq., was duly appointed the sole arbitrator for the ICDR Arbitration (the "Arbitrator") (*Id.* ¶19). The Arbitrator conducted a preliminary hearing conference call on April 10, 2014 (*Id.* ¶20). Notice of this conference call was served on all parties by the ICDR (*Id.*). Sullivan did not respond to the Demand for Arbitration or otherwise participate in the ICDR Arbitration (*Id.* ¶21). Article 26 of the ICDR's rules address default and allow an arbitration to proceed as long as the defaulting party has been duly notified[2] (*Id.* ¶22).

The Arbitrator decided to conduct all proceedings telephonically in light of the worldwide geographic diversity of the Respondents (*Id.* ¶24). Hearings were held by telephone on July 15, 2014 and August 1, 2014 (*Id.* ¶25). Notwithstanding having received notice of these hearings, Sullivan did not appear or otherwise participate in the Hearings (*Id.*).

In order to ensure that Sullivan (and the other Respondents) received due process, the Arbitrator undertook several steps, including issuing two orders, requiring the Plan Administrator to submit additional material on this issue, and conducting a conference call on October 30, 2014 (*Id.* ¶26). Notice of all of these events was provided to each Respondents, none of whom objected to either the Arbitrator's action or the materials submitted by the Plan Administrator (*Id.*). The Arbitrator also invited the Plan Administrator and the Respondents to submit additional evidence after the telephonic hearings (*Id.* ¶27). The Plan Administrator provided the additional evidence. (*Id.*) None of the Respondents objected to that evidence or submitted his own evidence. (*Id.*)

The record was closed in early 2015 (*Id.* ¶28).

---

[2] One of the other Respondents, Jeremy Joseph Bartlett, challenged the venue of the ICDR Arbitration in New York. By order on June 23, 2014, the Arbitrator denied the challenge to venue and determined that venue was proper in New York.

## IV. The Arbitration Award

The Arbitrator issued her Final Award on September 30, 2015 (the "Final Award") (*Id.* ¶29). The Arbitrator certified that the Final Award was made in New York, New York (*Id.* ¶29). The Final Award determined that six of the Respondents owed the Plan Administrator US$267,806.53. The Final Award directed that the awards against the six Respondents include a total of 34 percent of the administrative fees and expenses of the ICDR on a proportionate basis. As to each Respondent, the Final Award included a schedule addressing specifically the claims against that Respondent.

Schedule I addressed the claims against Sullivan. Under Schedule I, the Arbitrator determined that:

a.  Sullivan received due notice of the ICDR Arbitration and an opportunity to be heard;

b.  Sullivan was an equity partner of Coudert and a party to the December 2004 Coudert Partnership Agreement; and

c.  the Plan Administrator had proven that Sullivan (a) owed US$63,755.20 in damages for breach of contract; (b) owed pre-Award interest on that amount at nine percent per annum from August 1, 2008 through the date of the Final Award, September 30, 2015, pursuant to CPLR 5004 (US$41,124.72); and (c) must reimburse the Plan Administrator US$5,685 for his share of the ICDR administrative fees and the Arbitrator's compensation and expenses; which totaled US$110,564.92 (the "Sullivan Award").

On July 29, 2016, the Plan Administrator moved in this Court for an order confirming the Sullivan Award. The motion papers were served by the Clerk of the Court on August 22, 2016.

6

(Adversary Proceeding, Doc. No. 17). Tracking information obtained from the United States Postal Service shows that the papers were delivered on August 31, 2016. After due notice, no objections were filed, and the Court held a hearing on the motion on September 13, 2016 and, at the conclusion of the hearing, orally granted the motion.

Sullivan has not paid any portion of the Sullivan Award and he has not moved to vacate the Sullivan Award.

## PROPOSED CONCLUSIONS OF LAW

### I. Authority

The Plan Administrator has moved for confirmation of the Sullivan Award and dismissal of the fraudulent transfer claim.[3] The Plan Administrator's motion involves both core and non-core matters under 28 U.S.C. § 157. The Bankruptcy Court cannot enter a final order or judgment with respect to the breach of contract claim without Sullivan's consent. *Stern v. Marshall*, 131 S. Ct. 2594 (2011). A claim for fraudulent transfer similarly implicates a "private" as opposed to "public" right and, therefore, consistent with Article III of the United States Constitution, this Court cannot enter a final order or judgment with respect to the fraudulent transfer claim. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014); *In re Coudert Bros. LLP*, No. 11-civ-2785 (CM), 2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011).

As to both the confirmation of the Sullivan Award and the dismissal of the fraudulent transfer claim, this Court has considered the Plan Administrator's motion and files its herein proposed findings of fact and conclusions of law for review by the District Court pursuant to 28 U.S.C. § 157(c)(1); Federal Rule of Bankruptcy Procedure 9033; and Local Bankruptcy Rule 9033-1.

---

[3] The entire fraudulent transfer claim overlaps with the breach of contract claim, and therefore the Plan Administrator has sought dismissal of the fraudulent transfer claim.

SGR/14060370.1

## II. Confirmation of the Sullivan Award and Dismissal of the Fraudulent Transfer Claim

The arbitration proceedings and the issuance of the Sullivan Award were in all respects proper, and therefore the Sullivan Award is final and binding. In light of Sullivan's failure to participate in this adversary proceeding, to participate in the Arbitration and to pay the Sullivan Award, a judgment on the Sullivan Award is necessary in order to permit the Plan Administrator to enforce it.

The Plan Administrator's application to confirm the arbitration award is authorized by Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9. No court was specified in the December 2004 Partnership Agreement. Section 9 of the FAA provides that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." The Final Award was made within this District.

The Sullivan Award was not the product of corruption, fraud, partiality or undue means, and is not subject to any of the grounds listed in the FAA for vacatur. 9 U.S.C. § 10. The Plan Administrator's motion for confirmation of the Sullivan Award was filed within one year of the Final Award's issuance.

Although Section 9 of the FAA does not specify the manner in which service is to be made on Sullivan, who is not within any district in the United States, by agreeing to the December 2004 Partnership Agreement, which provided for arbitration in New York, Sullivan consented to personal jurisdiction and waived objection to appropriate extraterritorial service. *Marine Trading Lt. v. Naviera Commercial Naylamg S.A.*, 879 F. Supp. 389, 391 (S.D.N.Y. 1995). The Plan Administrator can use Rule 4 of the Federal Rules of Civil Procedure to serve Sullivan. *Id.* at 391-92. The Court can also approve another method designed to ensure Sullivan

8

receives notice of such motion. *Power Elec. Distr., Inc. v. Heng diam Group Linis Motor Co.*, Civ. No. 13-199 (ADM/HB), 2015 WL 880642, at *6 (D. Minn. Mar. 2, 2015). Service by the clerk of the Court via Federal Express is in accordance with Rule 4 and is sufficient in light of the circumstances. *See Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258 (ALC/MHD), 2014 WL 1331046, at *7-8 (S.D.N.Y. Mar. 31, 2014); *TracFone Wireless, Inc. v. Sunstrike Int'l, Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011).

Sullivan was properly served with notice of the motion to confirm the Sullivan Award.

With respect to the remaining claim for fraudulent transfer, because the entire amount is duplicative of the claim for breach of contract, the fraudulent transfer claim should be dismissed.

## CONCLUSION

Based on the foregoing, this Court respectfully recommends that the District Court adopt these proposed findings of fact and conclusions of law and grant the Plan Administrator's motion to confirm the Sullivan Award in the amount of US$110,564.92, and to dismiss the fraudulent transfer claim against William A. Sullivan with prejudice and direct the Clerk to enter judgment in that amount with interest thereon from September 30, 2015.

Dated: White Plains, New York
       September 23, 2016

                                       /s/ Robert D. Drain
                                       HONORABLE ROBERT D. DRAIN
                                       UNITED STATES BANKRUPTCY JUDGE